**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon  Mitchell, | No.  CV11-0580-PHX-DGC (MEA) |
| Petitioner, | CR05-0886 PHX DGC |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

On March 28, 2011, Petitioner Devon Mitchell filed a pro se motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  Doc. 1.  On April 1, 2011, Petitioner filed a motion for permission to amend.  Doc. 4.  On April 5, 2011, the Court denied Petitioner's first § 2255 motion with leave to amend, and denied his motion for permission to amend as moot.  Doc. 5.  Petitioner filed an amended § 2255 motion to vacate, set aside, or correct sentence on May 17, 2011.  Doc. 6.  The government responded (Doc. 8), and Petitioner did not reply (*see* Doc. 10).

On December 8, 2011, Magistrate Judge Mark E. Aspey issued a report and recommendation ("R&R") that Petitioner's § 2255 motion be denied and dismissed with prejudice.  Doc. 11.  The Court granted Petitioner two extensions to respond to the R&R (Docs. 13, 15), and set a final deadline of April 13, 2012 (Doc. 15).  Petitioner filed a substantive response (Doc. 16, at 4-21), and attached a copy of his prior motion for permission to amend (Doc. 16, at 1-3).  The Court construes the substantive response as

an objection to the R&R.[1]  Doc. 16, at 4-21.  For the reasons that follow, the Court will accept the R&R and deny the motion to vacate, set aside, or correct sentence.

**I.     Background.**

Petitioner is currently confined at the Federal Bureau of Prisons facility in Pollock, Louisiana.  On June 20, 2006, Petitioner was indicted with one count of conspiracy (Count 1), three counts of bank robbery (Counts 2, 5, and 6), one count of armed bank robbery (Count 3), and one count of possession of a firearm during a crime of violence (Count 4).  Doc. 8-2, at 19-22.  Petitioner's co-defendants, Ulonda Monroe and Shannon Scott, pled guilty and testified against Defendant at trial.  Doc. 8, at 2-3.  On March 5, 2008, a jury convicted Petitioner on Counts 2, 3, 4, 5, and 6, but reached no verdict on Count 1.  Doc. 11, at 2.  On Count 3, the jury found Defendant guilty of both armed bank robbery and the lesser-included offense of bank robbery.  *Id.*  On April 24, 2008, on the government's motion, the conspiracy charge was dismissed without prejudice.  *Id.*  The Court subsequently vacated the conviction for the lesser-included offense in Count 3, subject to reinstatement if the conviction for the greater offense was vacated and remanded on appeal.  *Id.*  Petitioner was sentenced on July 10, 2008 to concurrent terms of 162 months in prison for his convictions on Counts 2, 3, 5, and 6, and to a term of 60 months for Count 4, to be served consecutively.  *Id.*

Plaintiff appealed his convictions and sentences.  He argued that no credible evidence was introduced to show that he was involved in a bank robbery, that the trial court made improper and prejudicial evidentiary rulings, that the trial court violated his due process rights by refusing to hold a *Daubert* hearing,[2] that the trial court improperly denied his objections regarding jury objections and jury questions, and that the trial court erred by adding enhancements at sentencing.  Doc. 8-2, at 16-17.  The Ninth Circuit

---

[1] While Petitioner's objection was not electronically filed until April 16, 2012, Petitioner dated the objection March 9, 2012.  Doc. 16, at 21.  The Court therefore considers the objection timely.

[2] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Court of Appeals rejected these claims and affirmed Petitioner's convictions and sentences on October 2, 2009. Doc. 8-2, at 3-12. The Supreme Court denied certiorari on April 2, 2010. Doc. 8, at 3.

Petitioner raises six claims in his amended § 2255 motion: (1) constructive amendment of the indictment, (2) the government's failure to prove each essential element of the offenses charged in Counts 2, 3, 5, and 6, (3) insufficient evidence to sustain the charge in Count 4, (4) prejudice resulting from the trial court's failure to give an alibi instruction, (5) abuse of discretion by the trial court in failing to respond promptly to jury notes requesting clarification of legal issues, and (6) ineffective assistance of counsel. Doc. 6.

Judge Aspey found that Petitioner had procedurally defaulted on some of his § 2255 claims by failing to raise them in his direct appeal, and that other claims raised in direct appeal were not properly reiterated in the § 2255 motion. Doc. 11, at 7. The only claim Judge Aspey considered on the merits was ineffective assistance of counsel. *Id.* at 7-11. Petitioner objects to the R&R on the following claims: constructive amendment of the indictment, insufficient evidence presented on Count 4, prejudice resulting from the trial court's refusal to give an alibi instruction, and ineffective assistance of counsel. Doc. 16.

## II.   Standard of Review.

A party may file specific written objections to the R&R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

- 3 -

**III.    Discussion.**

    **A.    Claims Not Raised On Appeal.**

Absent a showing of cause and prejudice, a federal habeas petitioner procedurally defaults all claims which were not raised on direct appeal, other than claims asserting that the petitioner was deprived of effective assistance of counsel.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).  To obtain collateral relief under § 2255 based on trial errors to which no contemporaneous objection was made, "a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  *Frady*, 456 U.S. at 167.  Petitioner did not raise his constructive amendment or alibi instruction claims on direct appeal.  *See* Doc. 8-2, at 17.  He must therefore show both cause and actual prejudice in order to receive habeas relief on these claims.

    **1.    Constructive Amendment.**

Petitioner claims that his indictment was constructively amended with respect to Count 6.  Doc. 16, at 7.  Count 6 of the superseding indictment reads: "On or about August 4, 2005, in the District of Arizona, [Petitioner], by force, violence, and intimidation, did take from Margarita Aram, a bank teller, approximately $2,655.00, belonging to, and in the care, custody, control, management and possession of the National Bank of Arizona, located at 5555 E. Main Street, Mesa, Arizona.  The deposits of which were federally insured."  Doc. 8-2, at 21-22.  Petitioner alleges that the government constructively amended the indictment by offering evidence at trial that a female codefendant committed the offense charged in Count 6 and that Petitioner instead aided in committing the offense.  Doc. 16, at 9.  Petitioner argues that the alleged constructive amendment prejudiced his defense because he was preparing to contest "entry into the bank (or the alleged presence on the scene)" while the government intended to present evidence that the female codefendant was the actual robber.  *Id.* at 7.

Petitioner has not shown cause and prejudice.   The indictment was not

constructively amended, and could not have caused actual prejudice to Petitioner's defense strategy.  Under federal law, a defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission.  This was the instruction given the jury on Count 6.  *See* CR05-00886-DGC, Doc. 231, at 31-32.

Aiding and abetting need not be pleaded in an indictment.  In *Nye & Nissen v. United States*, 336 U.S. 613 (1949), the petitioner was charged with substantive counts of filing false invoices with a United States agency.  No evidence of the petitioner's direct participation in the unlawful acts was produced, but the verdict was upheld because the evidence was sufficient to warrant the submission of the substantive counts to the jury on an aiding and abetting theory, even though that theory was not pleaded in the indictment. Since *Nye & Nissen*, the Ninth Circuit "has uniformly held that it is not necessary to charge a defendant as an aider and abetter and that a conviction on that theory will be upheld when the defendant has been charged as a principal."  *Giraud v. United States*, 348 F.2d 820, 822 (9th Cir. 1965) (collecting cases).

Furthermore, Petitioner has made no attempt to demonstrate cause for his default. He bases his ineffective assistance of counsel claim on counsel's failure to challenge the validity of the relevant banks' Federal Deposit Insurance Corporation ("FDIC") certification.  *See* Doc. 16, at 16.  Petitioner has not alleged any external impediment that prevented counsel from raising a constructive amendment claim at trial or on appeal.  *See Murray v. Carrier*, 477 U.S. 478, 497 (1986).

Petitioner's claim may nonetheless be reviewed in this collateral proceeding if he can establish that the alleged error "'has probably resulted in the conviction of one who is actually innocent.'"  *Bousley*, 523 U.S. at 623 (quoting *Murray* 477 U.S. at 496).  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Id.* (quotations and citations omitted).  Petitioner claims that he "is actually innocent of Count Six as charged in the indictment of being the principle in robbing the National

1   Bank of Arizona on August 4, 2005." Doc. 16, at 10. He "maintains his innocence on all

2   counts." *Id.* at 10 n.1. This assertion alone, with no supporting evidence, does not

3   demonstrate actual innocence.

4        Petitioner's motion for habeas review of his constructive amendment claim must

5   be denied for failure to establish actual prejudice or cause for the default. *Murray*, 477

6   U.S. at 497. The Court will accept the R&R on constructive amendment claim.

7        **2.    Alibi Instruction.**

8        Petitioner claims that the trial court erred by refusing to give an alibi instruction to

9   the jury.[3] Judge Aspey found that Petitioner procedurally defaulted on this claim by

10  failing to raise it on direct appeal. Doc. 11, at 7. Petitioner objects that he did raise the

11  claim on direct appeal in his opening brief, but that counsel failed to address it in oral

12  argument and that the Ninth Circuit failed to acknowledge the claim in its memorandum

13  opinion. Doc. 16, at 14. The Court has reviewed Petitioner's appellate brief. It does not

14  challenge the trial court's decision not to give an alibi instruction. *See* Ninth Circuit

15  Court of Appeals Case No. 08-10323, Doc. 15-1. Judge Aspey correctly concluded that

16  Petitioner procedurally defaulted on `this claim by failing to raise it on appeal.

17       Petitioner claims that he was prejudiced because an alibi was his "only realistic

18  defense" given that the government's evidence was directed at demonstrating Petitioner's

19  presence at the scene as a getaway driver. Doc. 16, at 15. However, "the habeas

20  petitioner must show 'not merely that the errors at trial . . . created a *possibility* of

21  prejudice, but that they worked to his *actual* and substantial disadvantage[.]'" *Murray*,

22  477 U.S. at 494 (quoting *Frady*, 456 U.S. at 170) (emphasis and alteration in original);

23  *see Fairbank v. Ayers*, 650 F.3d 1243, 1247 (9th Cir. 2011). Petitioner has not shown

24  that the lack of an alibi instruction "infect[ed] his entire trial with error of constitutional

25  dimensions." *Id.* Nor has Petitioner established cause for procedural default. *See*

26  *Fairbank*, 650 F.3d at 1247 ("To establish cause for a procedural default, a petitioner

27

28       [3] With respect to Count 2 of the superseding indictment, the trial court did instruct
    the jury on alibi evidence. CR05-00886-DGC, Doc. 231, at 23.

must show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'") (citation omitted).  As discussed above, Petitioner has not demonstrated actual innocence.

Petitioner's motion for habeas review of his alibi instruction claim is denied for failure to establish actual prejudice or cause for the default.  *Murray*, 477 U.S. at 497.  The Court will accept the R&R on the alibi instruction claim.

### B.    Sufficiency of Evidence.

Plaintiff claims that the trial evidence presented on Count 4 of the superseding indictment was insufficient to sustain a conviction.  Count 4 reads: "On or about August 2, 2005, in the District of Arizona, [Petitioner] and Ulonda Monroe, did possess, use, carry and brandish a firearm, a hand gun, during and in relation to a crime of violence, that is armed bank robbery[.]"  Doc. 8-2, at 21.  Petitioner objects that the government "failed to offer any evidence of Petitioner['s] knowledge of the use of a weapon or that there was a likelihood that a weapon would be utilized."  Doc. 16, at 13.

Relief is precluded on a § 2255 claim that was raised and decided in the petitioner's direct appeal.  *See United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."); *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972); *McCreary v. United States*, Nos. CV-09-01023-PHX-JFM, CR-04-00313-PHX-JFM, 2009 WL 5206803, at *2 (D. Ariz. Dec. 30, 2009).

Judge Aspey found that Petitioner had arguably raised his sufficiency of evidence claim on direct appeal, and that this claim was denied.  Doc. 11, at 7.  Indeed, the Ninth Circuit considered Petitioner's contention that the trial court erred when it denied his motion for a judgment of acquittal because there was insufficient evidence to support a conviction for armed bank robbery and possession of a firearm.  CR05-00886-DGC, Doc. 325-1, at 7.  It concluded that "[s]ufficient evidence supports each of [Petitioner's] convictions."  *Id.*  Furthermore, although the jury was not properly instructed on the aggravating element distinguishing armed bank robbery from bank robbery, the Ninth

Circuit held this was harmless error because Petitioner "was aware Monroe was given a gun prior to the bank robbery; he saw her place it in her purse and walk into the bank; and he had written the demand note which stated Monroe had a gun.  A rational jury could find that [Petitioner] intended to aid and abet the use of the gun during the robbery, and that the bank teller's life was put in jeopardy by the use of a dangerous weapon." CR05-00886-DGC, Doc. 325-1, at 5.

A § 2255 petitioner may, in limited circumstances, raise claims of trial court error that were previously raised and decided on direct appeal. *Feldman v. Henman*, 815 F.2d 1318, 1322 (9th Cir. 1987) (citing *Kaufman v. United States*, 394 U.S. 217, 227 & n.8) (1969)).  "These are extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).  Petitioner has not, however, demonstrated a probability of innocence that would "implicat[e] a fundamental miscarriage of justice." *Id.* (citing *Murray*, 477 U.S. at 485).

The Court declines to review Petitioner's sufficiency of evidence claim because the claim has been resolved on direct appeal by the Ninth Circuit.  *See Feldman*, 815 F.2d at 1321 ("[A] district court *cannot* entertain, even in a matter properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it.") (emphasis in original).

### C.   Ineffective Assistance of Counsel.

Judge Aspey found that Petitioner failed to establish that counsel's failure to raise any of the claims alleged in his § 2255 action constituted deficient performance or that he was prejudiced as a result, because he has not made an arguable claim that asserting any of these errors would have produced a different result in his criminal proceedings or in his direct appeal.  Doc. 11, at 10-11.  Petitioner objects that counsel's failure to challenge the validity of each bank's FDIC certificate, and to ensure that they were in fact current at the time of the robbery, constituted deficient conduct under the *Strickland* standard. Doc. 16, at 16.

To prevail on a claim for ineffective assistance of counsel, Petitioner must show that "(1) his attorney's performance was unreasonable under prevailing professional standards, and (2) a reasonable probability that but for counsel's unprofessional errors, the results would have been different." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-94) (1984)). *Strickland* defines reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*

Applying "highly deferential" judicial scrutiny to counsel's performance, *Strickland*, 466 U.S. at 689, the Court concludes that Petitioner has not shown ineffective assistance of counsel.  The government issued a subpoena to the custodian of records for each of the three banks for their certification of federal insurance documentation.  Doc. 8, at 8.  This documentation and additional supporting testimony were admitted as evidence to prove that the deposits at each of the banks were federally insured at the time of each robbery.  *Id.*  In the Ninth Circuit, testimony of a bank manager or officer that the deposits were federally insured at the time of the offense is sufficient.  *See United States v. Phillips*, 606 F.2d 884, 887 (9th Cir. 1979) ("The rule, as stated in this circuit and elsewhere, is that the uncontradicted testimony of a ranking official of the institution is sufficient to establish that the institution is federally insured.").  At trial, copies of FDIC insurance certificates were certified and admitted into evidence for Arizona Central Credit Union, National Bank of Arizona, and Compass Bank.  Doc. 8, at 9-10.  These admissions were made without objection by Petitioner's counsel.  *Id.*  The custodian of records for National Bank of Arizona testified as to the accuracy of the records and that the bank was insured by the FDIC.  *Id.* at 10.  Custodians of record for the other two banks were present and available to testify at trial regarding their bank's federal insurance coverage at the time of the robbery, but these witnesses were excused because Petitioner's counsel agreed to the authenticity of the business records and did not object to their admission.  *Id.* at 9-10.

Counsel's performance clearly "falls within the wide range of reasonable

professional assistance," *Strickland*, 466 U.S. at 689, and Petitioner has not shown that the result at trial or on appeal would have been different had counsel challenged the validity of each bank's FDIC certificate.  The Court will accept the R&R on Petitioner's ineffective assistance of counsel claim.

**IT IS ORDERED:**

1.     The factual findings and conclusions in Judge Aspey's R&R (Doc. 11) are **accepted**.

2.     The Clerk shall terminate this action.

Dated this 16th day of May, 2012.

_____
David G. Campbell
United States District Judge