**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon Mitchell,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　　　　Respondent. | No.　CV-11-00580-PHX-DGC<br>　　　CR-05-0886-PHX-DGC<br><br>**ORDER** |

　　　　Petitioner Devon Mitchell has filed a request for an extension of time to file an out-of-time appeal. Doc. 20. Mitchell seeks to appeal this Court's order of May 17, 2012, denying his petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Doc. 18. Mitchell contends that he never received a copy of that order, and became aware of it only through a phone call to the Court on March 22, 2013. Doc. 20.

　　　　Mitchell attaches to his motion an uncertified copy of a letter from the Records Department of the Lee County Penitentiary stating that there is no record of the mailroom logging receipt of legal mail for Mitchell from March through July 2012. *Id.* at 3. The Court will presume for purposes of this order that Mitchell did not receive notice of entry of judgment until the phone call on March 22, 2013.

　　　　Federal Rule of Civil Procedure 77(d)(2) states that lack of notice of entry of judgment does not affect the time allowed for appeal except as provided by Federal Rule of Appellate Procedure (4)(a). Fed. R. Civ. P. 77(d)(2). Under Rule (4)(a), a notice of appeal must be filed with the district clerk within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). The Court may extend this time if a party moves for an extension

no later than 30 days after the time for appeal expires and shows excusable neglect or good cause. *Id.* at 4(a)(5)(A). If a party fails to file for an extension within this time, the court may reopen the time to appeal only if it finds that the moving party did not receive notice of entry of judgment within 21 days after entry, the motion was filed within 180 days after judgment was entered or 14 days after notice was received, whichever is earlier, and no party would be prejudiced. *Id.* at 4(a)(6).

In describing the phone call by which he learned of the Court's order, Mitchell states that "I called this court, via my counselor Mr. Hines on March 22, 2013." Doc. 20. Although it is not clear whether Mr. Mitchell or Mr. Hines talked with the clerk, Mr. Mitchell describes things he said to the clerk during the call and states that the "Clerk informed me that a ruling had been rendered on my 2255 motion on May 16, 2012, denying my motion." *Id.* Mr. Mitchell then states that he contacted the Records Department at the Lee County facility on the same day – March 22, 2013 – "inquiring if any legal mail had came [sic] for me between March and July of 2012." *Id.* Thus, whether Mr. Mitchell or Mr. Hines actually placed the call, it is apparent that Mr. Mitchell personally learned of the Court's order on March 22, 2013

Mitchell filed this motion on May 20, 2013. This was more than 14 days after he received notice of the Court's judgment on March 22, 2013, and well beyond 180 days after the judgment was entered. Even accepting that Mitchell did not receive the notice mailed to him, the Court lacks authority to reopen the time for appeal now. Fed. R. App. P. 4(a)(6).

Even if the Court were able to reopen the time for appeal, the Court finds that Mitchell cannot satisfy the grounds for a certificate of appealability. A certificate of appealability may issue for a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects a constitutional claim on the merits, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

*see Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002). When the district court rejects a claim on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mitchell raised six claims in his § 2255 motion. Doc. 6. Magistrate Judge Mark E. Aspey rejected all six claims, and Mitchell objected to Judge Aspey's ruling on four claims. *See* Doc. 18 at 3. The Court found that all four claims were procedurally defaulted and three of them also failed on the merits. *Id.* at 4-9. The Court did not address the merits of Mitchell's claim of insufficiency of the evidence because this claim had been resolved on direct appeal by the Ninth Circuit and the Court found that Mitchell had not shown a probability of actual innocence that would allow this Court to seek to undo the Ninth Circuit's ruling. *Id.* at 7-8 (*citing e.g.*, *McCleskey v. Zant*, 499 U.S. 217, 227 & n. 8; *Feldman v. Henman*, 815 F.2d 1318, 1321-22 (9th Cir. 1987)). The Court finds that reasonable jurists would not find its assessment of Mitchell's constitutional claims debatable or wrong, and that reasonable jurists would not find it debatable that the Court was correct on its procedural ruling. Thus, no certificate of appealability is merited.

Mitchell states that he also has enclosed a motion for relief from judgment pursuant to Rule 60(b) and asks the Court to stay the motion pending its ruling on the motion for an extension to file an out-of-time appeal. Doc. 20 at 1-2. The Court is not in receipt of a Rule 60(b) motion and will deny Mitchell's request for a stay as moot.

**IT IS ORDERED**:

1. Petitioner Devon Mitchell's motion for an extension of time to file an out of time appeal (Doc. 20) is **denied**.

2.  Petitioner's request to stay his Rule 60(b) motion is **denied as moot**.

Dated this 29th day of May, 2013.

_____
David G. Campbell
United States District Judge

- 4 -