**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon Mitchell,<br><br>　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No.　CV-11-00580-PHX-DGC<br>　　　CR-05-0886-PHX-DGC<br><br>**ORDER** |

　　　　Petitioner Devon Mitchell has filed a motion asking the Court to consider his Rule 60(b) motion as timely filed.  Doc. 22.  After examining the Court's dockets, the Court finds that Petitioner filed his Rule 60(b) motion in his criminal case (CR-05-0886, Doc. 335), not in this habeas case.  Even if the Court were to deem the motion as timely filed, however, the Court would deny it.

　　　　Petitioner's Rule 60(b) motion restates argument B from his habeas petition – that the government failed to present sufficient evidence at trial to show that the banks he robbed were federally insured.  *See* Doc. 2 at 8-9.  Judge Aspey found that this argument had been procedurally defaulted because it was not raised on appeal.  Doc. 11.  In his objection, Petitioner stated that he "reincorporates" argument B and "totally relies on the arguments and legal authority" stated in his petition.  Doc. 16 at 2.  This was not an effective objection to Judge Aspey's order because it did not address any defect in that order.  Indeed, it did not even address the reason for Judge Aspey's rejection of argument B – that it was barred by Petitioner's failure to raise it on appeal.

An objection that is general or imprecise is not an effective objection to a report and recommendation. Because Petitioner did not make specific objections to Judge Aspey's findings and recommendations on argument B as required by 28 U.S.C. § 636(b)(1), his objection was ineffective. This conclusion comports with the requirement of Rule 72(b) that a district judge make a de novo determination of any portion of the magistrate judge's disposition to which "specific written objections" have been made. Fed. R. Civ. P. 72(b)(2); *see Sullivan v. Schriro*, No. CV–0404–1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). The Court had no obligation to review Petitioner's general objection to Judge Aspey's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (no review at all is required for "any issue that is not the subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

Moreover, Judge Aspey correctly concluded that argument B was procedurally defaulted. *See* Doc. 11.

Because Petitioner's incorrectly-filed Rule 60(b) motion would fail on its merits in any event, the Court will deny as moot his motion to deem it timely filed in this case.

**IT IS ORDERED**:

1. Petitioner Devon Mitchell's motion to deem Rule 60(b) motion as timely filed (Doc. 22) is **denied**.

2. Petitioner shall file no further motions in this action.

Dated this 26th day of July, 2013.

David G. Campbell
United States District Judge